IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HERSHEL STANLEY,

               Petitioner,                              OPINION AND ORDER

    v.

                                                    15-cv-20-wmc

DEBORAH McCULLOCH, Director,
Sand Ridge Secure Treatment Center,

               Respondent.

---

      Petitioner Hershel Stanley is presently in state custody of the Wisconsin Department of Health Services at the Sand Ridge Secure Treatment Center in Mauston. Stanley seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his confinement at Sand Ridge as a sexually violent person pursuant to Chapter 980 of the Wisconsin Statutes.  After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this case must be dismissed for the reasons set forth below.

FACTS

      In 1998, Stanley was convicted of two counts of second degree sexual assault of a child.  *See State v. Stanley*, Sauk County Case No. 97CF313.  On the first count, the circuit court imposed an indeterminate sentence of six years' imprisonment.  On the second count, the court placed Stanley on probation for a period of eight years, imposing and staying an additional, indeterminate prison sentence of five years' imprisonment.

      After Stanley served the term of imprisonment imposed on count one of Case No. 97CF313, he began serving the sentence of probation imposed on count two.  In 2005,

1

that probation was revoked when new criminal charges were filed against Stanley. In August 2005, Stanley was convicted of two counts of prostitution and sentenced to consecutive three-month terms of imprisonment. *See State v Stanley*, Sauk County Case No. 05CM382. As a result of his probation revocation, Stanley also began serving the additional five-year sentence of imprisonment on count two of Sauk County Case No. 97CF313, which had been imposed previously and stayed.

In June 2008, the Department of Corrections determined that it had incorrectly calculated Stanley's presumptive mandatory release ("PMR") date. Thereafter, the Parole Commission conducted a review and denied Stanley parole, finding that his release posed an unreasonable risk to the community. Sometime later, the State filed a petition for civil commitment, alleging that Stanley was a sexually violent person under Wis. Stat. ch. 980. *See State v. Stanley*, Sauk County Case No. 10CI01. Stanley filed a motion to dismiss on the grounds that the Chapter 980 petition was not timely pursued before his PMR date as required by state law. The circuit court granted that motion, but the Wisconsin Court of Appeals reversed, holding that the State's Chapter 980 petition was timely under its interpretation of the governing state statute. *See In re Commitment of Stanley*, 356 Wis. 2d 268, 853 N.W.2d 600 (July 24, 2014). Stanley filed a petition for review of that decision, which the Wisconsin Supreme Court summarily denied on December 18, 2014. *See State v. Stanley*, 2015 WI 1, --- Wis. 2d ---, --- N.W.2d --- (No. 2013AP2477).

Stanley now contends that he is entitled to relief under 28 U.S.C. § 2254 from his continued confinement at Sand Ridge. As in state court, Stanley asserts three, closely related grounds for relief from his continued confinement, all of which are based on the

2

fundamental premise that the State's Chapter 980 petition was not timely filed before his PMR date in compliance with state law.

OPINION

In rejecting all of Stanley's arguments, the Wisconsin Court of Appeals found that the State's Chapter 980 petition was timely filed while he remained incarcerated, well before he reached his "maximum discharge date." *See In re Commitment of Stanley*, 2014 WI App 89, ¶ 24, 356 Wis. 2d 268, 280, 853 N.W.2d 600 (July 24, 2014). The court of appeals based that decision on an interpretation and application of Wis. Stat. § 980.02(1m), which provides that "[a] petition filed under this section shall be filed before the person is *released or discharged*." *Id.*, 2014 WI App 89, ¶¶ 15-24, 356 Wis. 2d 268, 276-280 (emphasis in original).

The fundamental flaw in Stanley's attempt to challenge in *federal* court is that the state court's conclusion that the Chapter 980 petition was timely rests on a question of *state* law -- Wis. Stat. § 980.02(1m). The United States Supreme Court has held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. In other words, a federal habeas court may not sit as a super state supreme court for review of issues decided by state courts on state law grounds. *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

3

To the extent Stanley contends that the state courts of Wisconsin have incorrectly analyzed their own law, therefore, this question is not cognizable on federal habeas corpus review. *See McCloud v. Deppisch*, 409 F.3d 869, 876 (7th Cir. 2005); *see also Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004) ("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim presents no federal issue at all.") (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Here, Stanley's timeliness challenge goes entirely to the application of state statute filing requirements to trigger a state civil commitment proceeding, all of which falls within the province of Wisconsin law and has now been decided by Wisconsin courts. Because Stanley has not couched any of his claims as a violation of the Constitution or laws of the United States, his petition must be dismissed for failure to state a claim upon which relief can be granted by a federal court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

The court concludes that reasonable jurists would not debate whether this case should have been resolved in a different manner. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Hershel Stanley is DENIED and this case is DISMISSED with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2254.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of January, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge